1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                          **EASTERN DISTRICT OF CALIFORNIA**

10

11    LONNIE LEE POSLOF, JR.,                ) Case No.: 1:14-cv-01319-BAM (PC)
                                             )
12              Plaintiff,                   ) ORDER DISMISSING ACTION FOR FAILURE
                                             ) TO STATE A CLAIM
13          v.                               )
                                             )
14    TOM CAVALERO, et al.,                  )
                                             )
15              Defendants.                  )
                                             )
16                                           )
                                             )
17    _____   )

18    **I.       Screening Requirement and Standard**

19          Plaintiff Lonnie Lee Poslof, Jr. ("Plaintiff") is a county jail inmate proceeding pro se and in

20    forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff consented to the

21    jurisdiction of a United States Magistrate Judge.  (ECF No. 5.)  On March 3, 2015, the Court

22    dismissed Plaintiff's complaint with leave to amend within thirty days.  (ECF No. 6.)  Plaintiff's first

23    amended complaint, filed on March 19, 2015, is currently before the Court for screening.

24          The Court is required to screen complaints brought by prisoners seeking relief against a

25    governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. §

26    1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or

27    malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

28

                                              1

1   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. §

2   1915(e)(2)(B)(ii).

3          A complaint must contain "a short and plain statement of the claim showing that the pleader is

4   entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but

5   "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,

6   do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell

7   Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's

8   allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v.

9   Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation

10  omitted).

11         To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient

12  factual detail to allow the Court to reasonably infer that each named defendant is liable for the

13  misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v.

14  United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant

15  acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the

16  plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572

17  F.3d at 969.

18         **II.      Plaintiff's Allegations**

19         Plaintiff is a Merced County jail inmate.  In his first amended complaint, Plaintiff names the

20  following defendants:  (1) Raquel Rios, Merced Police Detective; (2) Merced County Sheriff's

21  Department; and (3) Does 1 to 100.

22         In Claim 1, Plaintiff alleges the following:

23         On July 25th 2014, at approximately 3:00 pm, Merced County Sheriff Deputy handed me
        an envelope from my attorney.  Upon receiving this opened envelope, I noticed that the
24      contents within were the Discovery Documents related to the current legal matter I am
        incarcerated for.  To respect the attorney-client privilege communications Merced County
25      Sheriffs Dept is required to have in effective policy in which protects the person(s) right.
        However, I questioned the Merced County Sheriff's Deputy regarding this issue and was
26      told they don't have such a policy.  Therefore it's a direct violation of my constitutional
        right to Due Process, Attorney-Client privileged communications.  Furthermore, Merced
27      County Sheriff's dept has been violation of my Right to Due Process and Attorney-Client

28

privileged communications by using a document called, "Merced Public Defender Communications Form." I'm supposed to fill this document out give it to the Sheriff Deputy, which the Merced County Sheriff's Dept faxes this document over to the Public Defender Officer, while being exposed to being read by unauthorized parties.

(ECF No. 7, pp. 3-4.)

In Claim 2, Plaintiff alleges as follows:

On or about July 1st 2014 and numerous other occasions Raquel Rios, Detective of the Merced Police Dept and DOES 1 to 100, deliberately provided information to the public which was misleading and condemned me as "Sexual Predator."; also released wrong information to the public pertaining to unrelated individual's prior convictions and used that information as if I had committed such acts. Therefore, Detective Rios, Does 1 to 100 has infringed my Due Process of Law Guaranteed by both State and Federal Constitution . . .which will [impede] my fair opportunity to a fair trial by any Court.

(ECF No. 7, pp. 4-5.)

Plaintiff seeks compensatory and punitive damages.

### III.     Discussion

#### 1.   Federal Rule of Civil Procedure 18

Plaintiff is raising claims based on discrete events against different defendants. Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997); Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not assert multiple claims against unrelated defendants in this action. As a basic matter, Plaintiff may not bring claims against defendants at the Merced County Jail while simultaneously pursuing an unrelated claim against a defendant from the Merced City Police

1    Department.  Despite being provided the relevant pleading standard, Plaintiff has been unable to cure

2    this deficiency.

3                        **2.    Merced County Sheriff's Department**

4               In his amended complaint, Plaintiff again names the Merced County Sheriff's Department as

5    defendants.  A municipality, such as a city or county, is a "person" for purposes of § 1983 and may be

6    sued. See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163,

7    166, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691, 98

8    S.Ct. 2018 (1978).   A local government unit may not be held responsible for the acts of its employees

9    under a respondeat superior theory of liability.  Monell, 436 U.S. at 691; Ewing v. City of Stockton,

10   588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163–64 (9th Cir. 2003); Gibson

11   v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002).  Instead, a local government unit may only

12   be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at

13   1185.

14              Generally, a claim against a local government unit for municipal or county liability requires an

15   allegation that "a deliberate policy, custom, or practice ... was the 'moving force' behind the

16   constitutional violation ... suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th

17   Cir.2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412

18   (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local

19   government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at

20   1186. Under this route to municipal liability, the "plaintiff must show that the municipality's

21   deliberate indifference led to its omission and that the omission caused the employee to commit the

22   constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on

23   actual or constructive notice that its omission would likely result in a constitutional violation." Id.

24              To the extent Plaintiff is attempting to sue the Merced County Sheriff's Department, he fails to

25   make any allegations supporting liability under Monell.  Although Plaintiff asserts that he must

26   complete a form to communicate with his public defender, there is no indication that Plaintiff is

27   required to include privileged information on the form or that there are no other means to

28   communicate with his legal counsel.  Plaintiff therefore does not allege facts to support a claim that an

                                                         4

1   alleged constitutional violation was the result of a policy instituted by Merced County or that any

2   omission by the Sheriff's Department caused an employee to commit a constitutional violation.

3           **3.      Legal Mail**

4           Prisoners have "a First Amendment right to send and receive mail." Witherow v. Paff, 52 F.3d

5   264, 265 (9th Cir.1995). However, an isolated incident of mail interference or tampering usually does

6   not support a claim under section 1983 for the violation of a constitutional right. See Davis v. Goord,

7   320 F.3d 346, 351 (2d. Cir. 2003) (isolated incident of mail tampering usually insufficient to state

8   claim); Grant v. Warden, 2011 WL 4048524, at *2 (E.D. Cal. Sept. 9, 2011).

9           Plaintiff alleges that an envelope from his attorney containing legal mail was opened.  As this

10  was an isolated incident, Plaintiff fails to state a cognizable claim related to his opened mail.

11          Insofar as Plaintiff complains that the Merced County Correctional Facilities have a specific

12  document for inmates to utilize for communicating with their attorney, he has not identified any

13  particular injury related to this policy or practice.  Further, it is unclear from the factual allegations

14  whether the form is simply a request to communicate with an attorney or for some other purpose.

15          **4.      Right to Fair Trial**

16          Plaintiff complains that Detective Rios of Merced Police Department and Does 1 to 100 have

17  been releasing misleading information to the public regarding pending criminal charges in violation of

18  Plaintiff's right to a fair trial.  Plaintiff has not stated a cognizable section 1983 claim.  This claim

19  relates solely to a pending criminal action.  As he has not been convicted and has not yet sustained an

20  "actual injury" stemming from the alleged release of misleading information, any constitutional claim

21  is not ripe.  Further, once convicted, Plaintiff's claim is subject to dismissal pursuant to Heck v.

22  Humphrey, 512 U.S. 477, 486-87 (1994).  "[I]n order to recover damages for allegedly

23  unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

24  would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or

25  sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state

26  tribunal authorized to make such determination, or called into question by a federal court's issuance of

27  a writ of habeas corpus, 28 U.S.C. § 2254." Heck, 512 U.S. at 486-87.  "A claim for damages bearing

28

1    that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under §

2    1983." Id.

3        **IV.        Conclusion and Order**

4        Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 18 and fails to state

5    a cognizable claim.  Despite being provided with the relevant legal and pleading standards, Plaintiff

6    has been unable to cure the deficiencies in his complaint.  As such, further leave to amend is not

7    warranted.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, Plaintiff's complaint

8    is HEREBY DISMISSED for failure to state a cognizable claim.

9

10   IT IS SO ORDERED.

11        Dated:    **March 23, 2015**                    /s/ *Barbara A. McAuliffe*        _

12                                                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28